**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN**

DAVID M. CLAPPER, an individual,

        Plaintiff,

v.                                                                                                     Case No. 06-C-906

PATTEN INDUSTRIES, INC.,
a Delaware Corporation,

        Defendant.

## DECISION AND ORDER

This matter comes before the Court on Patten Industries, Inc.'s ("Patten") motion to dismiss for lack of jurisdiction. David M. Clapper ("Clapper") attempts to invoke this Court's diversity jurisdiction, but Patten argues that the Court lacks jurisdiction because the amount in controversy does not exceed $75,000.00. *See* 28 U.S.C. § 1332(a). The Court agrees, and the instant matter will be dismissed for want of jurisdiction.

This case has an interesting history, which the Court need not reiterate in great detail. For purposes of this opinion, Clapper purchased a yacht in 1995. Dissatisfied with the final product, he sued a variety of entities and individuals (including Patten). The case was assigned to Judge Adelman in this judicial district.

On or about July 13, 1999, the parties entered into a settlement agreement. According to the settlement, Clapper was to receive periodic payments from Patten and other defendants totaling $625,000.00. Patten also agreed that during the next five years, at Clapper's request, Patten would sell Clapper up to two engines at cost. (Plaintiff's Complaint, Exhibit A*; Clapper*

*v. Shipbuilders of Wisconsin, Inc.*, Case No. 95-C-1195, February 28, 2006 Decision and Order, Docket No. 645 at 2).

On May 8, 2000, Clapper (through counsel) asked Patten about availability and price for engines meeting certain specifications. However, Clapper explicitly did not make an election under the settlement. In July 2000, Clapper requested the information again but informed Patten that he had lost the deal he was working towards because Patten had failed to provide any information. Patten ultimately provided the information but not before it was too late. (*Id.* at 3).

On March 18, 2005, Clapper moved to enforce the settlement agreement before Judge Adelman. Clapper requested $40,021.00 in damages. However, Judge Adelman declined to enforce the settlement because he had previously dismissed the case with prejudice. Therefore, Clapper brought the instant action to enforce his rights under the settlement agreement.

When, as here, the defendant has challenged subject matter jurisdiction, the plaintiff bears the burden of establishing that jurisdiction is proper. *See United Phosphorous, Ltd. v. Angus Chem. Co.*, 322 F.3d 942, 946 (7th Cir. 2003). In diversity cases, the plaintiff must demonstrate complete diversity of citizenship and a claim that in good faith exceeds $75,000.00, exclusive of interest and costs. *Smith v. Am. Gen. Life & Accident Ins. Co.*, 337 F.3d 888, 892 (7th Cir. 2003). *See NLFC, Inc. v. Devcom Mid-America, Inc.*, 45 F.3d 231, 237 (7th Cir. 1995). The Court may receive and consider extrinsic evidence. *See Livorski Marine, Inc. v. Norskog Pub., Inc.*, 268 F. Supp. 2d 994, 995 (N.D. Ill. 2003) (when a party moves to dismiss for lack of subject matter jurisdiction, the Court may look beyond the pleadings and consider any relevant facts).

For purposes of the amount in controversy, the Court must apply the "legal certainty" test. Courts will find in favor of federal jurisdiction *unless* it appears "*to a legal certainty* that the claim is really for less than the jurisdictional amount." *Smith*, 337 F.3d at 892 (emphasis added). When the Court's jurisdiction is challenged, the party invoking jurisdiction bears the burden of supporting its jurisdictional allegations by "competent proof" or a preponderance of the evidence. *See McNutt v. General Motors Acceptance Corp. of Indiana*, 29 U.S. 178, 189 (1936); *Gould v. Artisoft, Inc.*, 1 F.3d 544, 547 (7th Cir. 1993).

Patten cites Clapper's demand for $40,021.00 in connection with Clapper's motion to enforce the settlement agreement before Judge Adelman. Clapper retained an expert who calculated his damages at this amount. (Affidavit of James Jacobson, Docket No. 17, Exhibit 2). Accordingly, Patten argues that the amount in controversy is less than $75,000.

In response, Clapper argues that the amount in controversy is actually over $90,000.00. Clapper avers that this was the value of the purchase option that he bargained for in the context of the 1999 settlement agreement. (Affidavit of David M. Clapper, Docket No. 15-2, ¶ 3). According to Clapper, the amount he actually requested under the terms of the settlement agreement ($40,021.00) was "based on a decision I had made to sell the engines for less than what I could have otherwise sold them for." (*Id.* at ¶ 4).

Clapper misconstrues the manner in which damages are calculated. While $90,000.00 might have been the potential benefit of the bargain as contemplated by the settlement agreement, this is mere speculation, upon which federal jurisdiction cannot rest. Clapper alleges that he *could have* sold the engines at a higher profit margin, but he presents no evidence to suggest that

-3-

such a deal was actually in place during the five-year term of the purchase option. In fact, the sale of the engines at cost was contingent upon Clapper exercising his rights under the settlement. He attempted to exercise those rights, but was thwarted by Patten's inaction. The deal Clapper had in place, had Patten sold him the engines at cost, would have resulted in a profit of $40,021.00. These are the damages caused by Patten's breach of the settlement agreement, which have been determined to a legal certainty. (Affidavit of James Jacobson, Docket No. 17, Exhibit 2).

**NOW, THEREFORE, BASED ON THE FOREGOING IT IS HEREBY ORDERED THAT:**

1. Patten's motion to dismiss [Docket No. 9] is **GRANTED**; and

2. This matter is **DISMISSED** in its entirety for lack of jurisdiction.

Dated at Milwaukee, Wisconsin, this 6th day of March, 2007.

        **SO ORDERED,**

        **s/Rudolph T. Randa**
        **HON. RUDOLPH T. RANDA**
        **Chief Judge**